FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES B.[1], <br><br>    Plaintiff, <br><br>    v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br>    Defendant. | No. 4:21-CV-05072-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 13, 17. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Jacob Phillips and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~1**

fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 13, and denies Defendant's Motion for Summary Judgment, ECF No. 17.

## I. Jurisdiction

On July 31, 2018, Plaintiff filed an application for supplemental security income. Plaintiff's application was denied initially and on reconsideration. On August 20, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 8, 2020, Plaintiff appeared and testified by telephone before ALJ Maria Palachuk, with the assistance of his counsel, Chad Hatfield. No medical expert or vocational expert was called to testify. The ALJ issued a decision on November 13, 2020, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on February 25, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on April 30, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~2

exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~3**

basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~4**

An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 48 years old. He did not graduate from high school but earned a GED. He usually is homeless but will stay with

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~6**

friends from time to time.

He worked construction and roofing. He had a couple of accidents while roofing and sustained traumatic head injuries. After the injury, he tried to work at a campground mowing lawns, but he had difficulty following instructions and was making mistakes. He testified that he has trouble communicating and remembering things. He does not watch TV because it is too hard to concentrate on the shows. He will stutter when talking and it is sometimes hard for others to understand him.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 12-23. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 31, 2018, the application date. AR 17.

At step two, the ALJ identified the following severe impairments: anxiety disorder, personality disorder, depressive disorder, and polysubstance abuse (methamphetamines and marijuana). AR 17. Notably, the ALJ declined to find that ADHD was a severe impairment, concluding that the psychologists who evaluated Plaintiff and diagnosed him with ADHD failed to refer to the DSM-V in making their diagnosis. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 18. Specifically, the ALJ found that Plaintiff did not meet the listing 12.04 (Depressive disorders) and 12.06 (Anxiety disorders) and 12.-08 (Personality disorders). Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following non-exertional limitations: he is able to maintain concentration, persistence, and pace for simple routine tasks for the two-hour intervals required between regularly scheduled breaks in a predictable, repetitive environment.

AR 19.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. AR 22.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, such as laundry worker, housekeeping cleaner, electronics assembler, fish cleaner, ironer, marker II, hand packager, and sorter of agricultural produce. AR 23.

**VI. Issues for Review**

1. **Whether the ALJ improperly substituted her own lay findings in place of the opinions of three licensed psychologists.**

**VII. Discussion**

Here, it is clear the ALJ substituted her own conclusions in place of the opinions of the evaluating psychologists. Notably, there is not one expert in the record who agrees with the ALJ that Plaintiff is employable. In addition, it appears the ALJ substituted her own views on what jobs are available in the workplace without consulting a vocational expert. It is not clear what resources the ALJ relied on in determining that Plaintiff could perform certain jobs in the workplace, given his non-exertional limitations. It appears the ALJ relied on her own knowledge that "there are millions of unskilled repetitive/short cycles jobs at all exertional levels" in the economy that Plaintiff could perform. None of these conclusions are supported by substantial evidence in the record, other than the ALJ's personal opinion, and therefore, the ALJ committed legal error.

**(a) Dr. N.K. Marks, examining psychologist**

Dr. Marks evaluated Plaintiff in 2017. AR 272-277. Dr. Marks also reviewed a 2014 psychological/psychiatric report from Dr. Keith Kruger that described Plaintiff as being very paranoid and having pressured speech. It was hard for Dr. Kruger to follow Plaintiff, and he noted that Plaintiff made inconsistent and contradictory statements that were deemed to be cognitive slippage rather than intentional deceit.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~8

Dr. Marks described Plaintiff as having anxiety, very poor communication skills and serious problems with focus and concentration. Dr. Marks conducted the Beck Anxiety Inventory, which indicated that he was in the severe range of anxiety. Dr. Marks noted that Plaintiff had "serious problems with attention and focus today." Dr. Marks concluded that this would affect his persistence and pace on the job and follow through would be difficult for Plaintiff.

Dr. Marks noted that Plaintiff had a hard time expressing himself. Dr. Marks believed that Plaintiff was presenting as possibly "neurologically impaired" and definitely as communication impaired, and as such, he would need a speech and language evaluation. Dr. Marks believed that Plaintiff's communications skills were poor enough to interfere with employability. Notably, Dr. Marks believed that Plaintiff had <u>severe</u> limitations in his ability to perform basic work activities in the following areas: (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (2) ask simple questions or request assistance; (3) communicate and perform effectively in a work setting; (4) maintain appropriate behavior in a work setting; (5) complete a normal work day and work week without interruptions from psychologically based symptoms; and (6) set realistic goals.

Also, Dr. Marks believed that Plaintiff had <u>marked</u> limitations in his ability in perform basic work activities in the following areas: (1) understand, remember and persist in tasks by following detailed instructions; (2) learn new tasks; (3) perform routine tasks without special supervision; (4) adapt to changes in a routine work setting; (5) make simple work-related decisions; and (6) be aware of normal hazards and take appropriate precautions.

The ALJ concluded that Dr. Marks' opinion regarding the limitations were contrary to and not supported by Dr. Marks' own examination findings because the ALJ believed the examination findings were generally within normal limits.

Here, it is clear the ALJ substituted her own opinion regarding Plaintiff's

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9**

limitations, rather than rely on Dr. Marks' professional training and experience in completing the assessment. The ALJ's assessment of Dr. Marks' was neither supported nor consistent with the record and therefore was in error.

**(b) Dr. David Morgan, examining psychologist**

On January 9, 2020, Dr. David Morgan completed a psychological/psychiatric evaluation. ECF No. 477-483. Dr. Morgan observed that Plaintiff was restless during the interview and did not seem able to sit still for long times and had problems answering questions because he interrupted and went from various topic to topic. Dr. Morgan observed that Plaintiff fidgeted with his hands, could not sit still, had excessive talking, interrupted others, had difficulty waiting patiently, and intruded on others. He diagnosed Plaintiff with ADHD, with a predominately hyperactive/impulsive presentation.

Dr. Morgan found that Plaintiff had <u>severe</u> limitations in his ability to perform basic work activities in the following areas: (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (2) adapt to changes in a routine work setting; (3) communicate and perform effectively in a work setting; (4) maintain appropriate behavior in a work setting; and (5) complete a normal work day and work week without interruptions from psychologically based symptoms.

Also, Dr. Morgan believed that Plaintiff had <u>marked</u> limitations in his ability in perform basic work activities in the following areas: (1) understand, remember and persist in tasks by following detailed instructions; (2) learn new tasks; (3) perform routine tasks without special supervision; (4) make simple work-related decisions; (5) be aware of normal hazards and take appropriate precautions; (6) ask simple questions or request assistance; and (7) set realistic goals and plan independently.

The ALJ concluded that Plaintiff had "no supporting mental status examination deficits" and speculated that Dr. Morgan's assessment was based on

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10

inaccurate/false information and therefore was "flawed." It appears the ALJ believed that Plaintiff had misrepresented his substance dependency issues to Dr. Morgan because he reported to Dr. Morgan that he had been in recovery for about seven years and that he had participated in formal substance abuse treatment in the past. The ALJ interpretated Plaintiff's statements to mean that he was telling Dr. Morgan that he had been "clean and sober" for the past seven years. *See* AR 22 ("Furthermore, the claimant misrepresented his substance use history, i.e. he reported that [he] had not used for seven years when in fact he has continued to use.") The ALJ then relied on this mischaracterization to reject Dr. Morgan's opinion. Apparently, the ALJ substituted her own opinions regarding recovery and relapses to concluded that Plaintiff was not being truthful, when it is much more likely that Plaintiff was telling that truth when he said he was in "recovery," because his subsequent uses reflect the fact that relapses can be part of the recovery process.

Here, the ALJ erred in finding that Dr. Morgan's opinions were flawed because it is clear that Dr. Morgan's opinion was supported by the objective observations, clinical interview and mental status findings.

**(c) Dr. Mitchell's opinion**

On January 14, 2022, Dr. Mitchell conducted a review of the medical evidence, including the reports of Dr. Marks, Dr. Morgan and Dr. Krueger. AR 485. She concluded that given Plaintiff's chronic mental health impairments, there was a poor prognosis for gainful employment. She also concluded that the diagnosis of ADHD was supported by available objective medical evidence.

The ALJ rejected Dr. Mitchell's opinion because it was based on what the ALJ believed were the inaccuracies in the evaluations of Drs. Marks and Morgan. This conclusion is not supported by substantial evidence. Rather, Dr. Marks and Dr. Morgan both relied on their professional training and experience in completing their assessment. In addition, Dr. Mitchell also relied on her professional training

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11

and experience in completing her assessment. The ALJ erred in substituting her own assessment of the reports to rejecting Dr. Mitchell's opinion. On the contrary, the record indicates that Dr. Mitchell's opinion is both supported by and consistent with the objective evidence.

### (d) Other ALJ findings

In addition to rejecting these psychologists' opinions, the ALJ also speculated that Plaintiff's challenges were not as serious as he alleged because he failed to seek treatment for them, rather than considering that being homeless more than likely contributed to his lack of treatment. Apparently, the ALJ also concluded that being homeless and "spending his days finding resources for survival" evidenced an ability to maintain concentration, persistence, and pace for simple routine tasks for two-hour increments, as long as there were regularly scheduled breaks. There is nothing in the record to support this conclusion.

Also, the ALJ failed to acknowledge or address that Plaintiff has a communication disorder, and how this would affect his ability to work full-time. Even a sterile review of the transcript of the proceedings indicates that Plaintiff stutters and has a difficult time expressing himself.

### VII. Remand for Immediate Award of Benefits

Here, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of the experts who unanimously concluded that Plaintiff would be unable to sustain full-time employment. Also, the record is clear that if these expert's opinions were credited as true, or were properly found to be persuasive and supported by the record, Plaintiff would be found disabled. The evidence conclusively demonstrates that Plaintiff is unable to sustain gainful employment for any amount of time in the national economy. As such, a remand for the calculation and award of benefits is both appropriate and required.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~12

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 19th day of May 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~13